

One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131-3407
Tel 305.442.6540  Fax 305.442.6541
www.foxrothschild.com

JOSEPH A. DEMARIA
Direct Dial: 305-442-6547
Email Address: JDeMaria@FoxRothschild.com

Board Certified in Business Litigation

June 20, 2018

**VIA ECF**
Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Halvorssen v. Simpson, et al.*, No. 18-cv-1683 (E.D.N.Y.)

Dear Magistrate Judge Shields:

    I represent defendant Pedro Jose Trebbau-Lopez.  I write pursuant to Your Honor's Individual Practices Rule IX(C).  The circumstances upon which I write are unusual because of a minute order that Your Honor entered yesterday in connection with Plaintiff's letter request for a pre-motion conference regarding co-defendant Leopoldo A. Betancourt-Lopez.

    On June 13, 2018, Plaintiff's counsel submitted a letter request for a pre-motion conference requesting permission to file a motion for alternative service on Mr. Betancourt. [D.E. 25].  Pursuant to Rule IX(C), Defendant's counsel had seven days to respond to the letter, or today, June 20. 2018.

    On June 15, 2018, Plaintiff's counsel informed me that he intended to seek a similar pre-motion conference for Mr. Trebbau.  I asked Plaintiff's counsel to submit his letter forthwith so that Your Honor would have a response to the request from both Defendants to consider at the same time.  When Plaintiff's counsel did not submit a second letter, I was preparing a response to his June 13 letter that I intended to submit today.[1]

---

[1] Plaintiff's counsel had previously issued a summons to Mr. Trebbau at a condominium unit in Sunny Isles, Florida, [D.E. 6] and filed an affidavit of service claiming to have performed substitute service on Mr. Trebbau at that property, [D.E. 18].  After I reminded Plaintiff's counsel that a Florida state court judge had already held that the

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington



Honorable Anne Y. Shields
June 20, 2018
Page **2**

However, on June 19, the Court ruled on Plaintiff's letter request. The Court did not simply grant Plaintiff's request for a pre-motion conference. Instead, the Court treated Plaintiff's request for a pre-motion conference as an actual motion, pursuant to Fed.R.Civ.P. 4(f)(3), and granted that motion- without considering any response from Defendant. Then, Plaintiff's counsel informed me by email, after the Court entered its minute order, that if I did not immediately agree to accept service for Mr. Trebbau, he intended to request the Court to grant Plaintiff permission to serve me as counsel for Mr. Trebbau, pursuant to Rule 4(f)(3), and simply noting my opposition.

While the pre-motion conference requirement is properly used to narrow and resolve conflicts between the parties and prevent the filing of unnecessary papers, this informal process cannot be used to usurp a party's Due Process rights. *See Park South Hotel Corp. v. New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension* Fund, 705 F.2d 27, 30 (2d Cir. 1983)(Rejecting the trial court's conversion of a pre-motion conference into a ruling as violating Due Process). Respectfully, Mr. Trebbau has the right to be fully heard on any request by Plaintiff for Rule 4(f)(3) service before the Court rules.

Due to the page limitations of Rule IX(C), at this time, I would simply refer to the Court to *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115-16 (S.D.N.Y. 2010) (Leisure, J.) as one of many decisions from this Circuit that set forth threshold requirements before Rule 4(f)(3) service can be permitted. The request presented in Plaintiff's June 13 letter is not as simple or summary as counsel presented. If given the opportunity, I will present to this Court the position that Plaintiff's request for alternative service is premature. Accordingly, if Plaintiff's counsel submits his promised letter request for alternative service on Mr. Trebbau, I respectfully request that the Court not issue an order on that request until I have an opportunity to respond in accordance with Rule IX(C).[2]

Respectfully yours,

Joseph A. DeMaria

---

Florida condominium was not Mr. Trebbau's usual place of abode, *see Halvorssen-Mendoza v Betancourt-Lopez et al*, Case No. 13-036379 CA 13 (Fla. Eleventh Judicial Circuit), and that Mr. Trebbau sold that property in 2017, *see* Miami-Dade County Official Records, Book 30653, Pages 4115-4133, counsel agreed on June 18, 2018, not to attempt to establish service of Mr. Trebbau at that property.

[2] Mr. Trebbau does not dispute Plaintiff's right to a pre-motion conference, at which time the Court could discuss the issues that will be raised under Rule 4(f)(3) and/or set a briefing scheduling for Plaintiff's motion. *See Youseff v. Halcrow, Inc.,* No. 11 civ. 2283 (PKC), 2011 WL 2693527, *2 (S.D. N.Y. June 30, 2011). Alternatively, if the Court is already persuaded that Plaintiff should be allowed to file a Rule 4(f)(3) motion, Mr. Trebbau agrees that the Court can enter an Order granting Plaintiff permission to file the motion (and allowing Mr. Trebbau to respond) without conducting a conference. What Mr. Trebbau does oppose is Plaintiff by-passing motion practice entirely and securing an order from this Court without the Defendant having a fair opportunity to be heard.