# Cunningham | Levy | Muse

Cunningham Levy Muse LLP
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036

T  (202) 261-6564
F  (202) 261-3508

cunninghamlevy.com

June 21, 2018

*via* **ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

  Re: *Halvorssen v. Simpson et al.,* **Case No. CV 18-2683 (E.D.N.Y.)**

Dear Judge Azrack:

  On behalf of Defendants Glenn Simpson and Peter Fritsch, we write pursuant to Your Honor's Individual Rule IV.B to request a pre-motion conference to seek permission to move to dismiss the complaint under Fed. R. Civ. P. 12(b). The allegations in Plaintiff's complaint are largely false and outrageous, but even assuming the allegations are true for purposes of a motion to dismiss, the complaint fails to state a claim for relief under the Racketeer Influenced and Corrupt Organizations Act (RICO) because it does not adequately plead: (A) predicate acts under 18 U.S.C. § 1513, (B) a "pattern of racketeering activity," or (C) a claim for conspiracy under 18 U.S.C. § 1962(d).

  *First*, the complaint fails to sufficiently plead the predicate act of a violation of 18 U.S.C. § 1513(e) or (f), statutory provisions that have no application to the conduct it alleges: making statements and criticisms about individuals who at some point provided information to federal officials.  A violation of § 1513(e) requires proof that "(1) [the defendant] knowingly took an action with intent to retaliate; (2) [the defendant] harmed [the informant]; and (3) [the defendant's] retaliation was spawned by [the informant's] assistance to law enforcement." *United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013). Instead of pleading that the alleged retaliation "was spawned by [the informant's] assistance to law enforcement," *id.*, Halvorssen has alleged that Defendants Simpson and Fritsch retaliated against him because Plaintiff sent a letter to a corporate board of directors that resulted in the removal of D'Agostino from the board. Compl. ¶¶ 15, 16 & 24.[1] Such allegations plead Halvorssen out of court.

---

[1] While Plaintiff alleged that the letter copied law enforcement officials, Compl. ¶ 20, he did not allege that the retaliation occurred because law enforcement was copied on the letter.  Furthermore, Halvorssen is not the sort of informant § 1513(e) is intended to protect, because, as the complaint itself acknowledges, the

1

The complaint fares no better when it tries to plead additional predicate act violations of 18 U.S.C. 1513(e) against Mssrs. Browder and Boyd. For Browder, the complaint alleges that Defendants Simpson and Fritsch were hired to work by counsel on behalf of Prevezon in its defense of a civil forfeiture proceeding filed against the company, Compl. ¶ 59, and nowhere alleges facts to plausibly show that Defendants' work was performed in retaliation for Mr. Browder having provided information to a law enforcement official. With respect to Boyd, the complaint does not make any factual allegations that Defendants Simpson and Fritsch knew of Boyd's alleged disclosures to the government, much less that Defendants Simpson and Fritsch were motivated by those disclosures in engaging in any alleged retaliatory conduct. Plaintiff also fails to allege that Defendant Simpson and Fritsch caused any harm to Browder or Boyd, a required element of § 1513(e).[2]

*Second*, the retaliation alleged in the complaint runs directly into the free speech clause of the First Amendment. The complaint alleges that Plaintiff Halvorssen is "a prominent human rights advocate," Compl. ¶ 1, who has testified, written, and commented on television about human rights violations and "corruption around the world," including in Venezuela. Compl. ¶ 14. The complaint alleges that William Browder is a "world renowned anti-corruption campaigner," Compl. ¶ 50, who made allegations of money laundering against Prevezon Holdings, Ltd. that formed the basis of the U.S. Government's civil forfeiture proceeding against Prevezon. Compl. ¶ 57. The complaint alleges that Aleksandr Boyd is "a prominent journalist reporting on corruption and human rights violations" in Venezuela and elsewhere and "has been widely published and quoted all over the world as an expert in corruption." Compl. ¶ 66. Thus, each of the alleged victims of the claimed retaliation is alleged to be a public figure. The complaint further alleges that Defendants Simpson and Fritsch discussed and shared information concerning the qualifications and character of each of the three alleged victims with journalists. Compl. ¶¶ 32, 34-42; 61-62; 70. Statements about the *bona fides* of these public figures, whom the complaint describes as prominent anti-corruption campaigners, is speech about a "matter of political, social, or other concern to the community," and "is a subject of legitimate news interest" that is entitled to First Amendment protection regardless of its "inappropriate or controversial character." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (internal quotation marks and citations omitted). Because the alleged retaliation(s) are protected by the First Amendment, the allegations in the complaint do not suffice to plead a violation of 18 U.S.C. § 1513 for this reason as well. *See United States v. Sergentakis*, No. 15 CR 33 NSR, 2015 WL 3763988, at *4 (S.D.N.Y. June 15, 2015) (addressing

---

information that he allegedly provided to law enforcement in his letter dated August 6, 2015 was already publicly available. In the August 6, 2015 letter, Halvorssen discussed ongoing investigations as reported by the *Wall Street Journal*. Compl. ¶ 18 & Ex. A. In the same letter, he reported an allegation that was already public because the same allegation had been made over two years earlier in a complaint filed in a lawsuit. *See* Compl., *Reich v. Betancourt Lopez et al.*, Case No. 13-cv-05307-JPO at ¶ 50 (S.D.N.Y., filed July 30, 2013) (alleging that "D'Agostino told a friend that 'of course' Derwick Associates paid kickbacks to secure its energy contracts; he noted that in Venezuela, 'you always have to pay' what D'Agostino called 'consulting fees,' in order to secure the contracts.").

[2] Because it fails to sufficiently allege that Defendants Simpson and Fritsch carried out any of the alleged conduct *with the intent* of retaliating against Halvorssen, Browder, or Boyd for allegedly giving information to law enforcement, the complaint also fails to allege that they had the intent to accomplish the criminal purpose of the alleged conspiracy, in violation of § 1513(f).

whether a § 1513(e) charge violated the First Amendment and finding that it did not because the victim was *not* a public figure and the statements were *not* matters of public concern, but nonetheless calling it a "close question.").

*Third*, the complaint fails to plead a pattern of racketeering activity. The predicate acts do not "share 'purposes, results, participants, victims, or methods of commission.'" *Reich v. Lopez*, 858 F.3d 55, 61 (2d Cir. 2017) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). The only shared attribute is the participation of Defendants Simpson and Fritsch; beyond that, they do not share purposes, results, victims, or methods. They are isolated acts over short periods of time. Nor does the complaint sufficiently allege continuity, because the complaint does not allege with any precision when the predicate offenses allegedly took place. Taken together, the complaint alleges only isolated events in July and November 2014, Compl. ¶¶ 70, 71, September and October 2015, Compl. ¶¶ 34, 36, 38-42, and does not state with any specificity when the alleged retaliation against Browder occurred, *see* Compl. ¶ 61.

*Fourth*, because Plaintiff failed to adequately plead a substantive RICO violation, Plaintiff's conspiracy claim under 18 U.S.C. § 1962(d) must also be dismissed. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) (citations omitted); *see also Aliev v. Borukhov*, No. 15CV6113ERKJO, 2016 WL 3746562, at *13 (E.D.N.Y. July 8, 2016); *Spiteri v. Russo*, No. 12-CV-2780 MKB RLM, 2013 WL 4806960, at *54 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom. Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015); *Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 412 (E.D.N.Y. 2013).

*Finally*, we also adopt the arguments set forth in the letters filed today by Defendants Simpson's and Fritsch's co-defendants, to the extent they are applicable to Defendants Simpson and Fritsch.

Respectfully,

*/s/ Joshua A. Levy*
Joshua A. Levy (admitted *pro hac vice*)
**CUNNINGHAM LEVY MUSE LLP**

cc: All counsel of record via ECF