

Erika Levin
212 822 0161
erika.levin@lbkmlaw.com

July 6, 2018

**VIA ECF**

Hon. Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *Halvorssen v. Simpson, et. al.,* **(Case No. 18-cv-2683)**
           **Joint Letter Motion Requesting Extension**

Dear Judge Shields:

We represent Defendant, Francisco Convit-Guruceaga ("Mr. Convit") and write in response to Plaintiff's June 29, 2018 letter [ECF Document No. 45] in which he seeks a pre-motion conference for alternative service upon Mr. Convit pursuant to Fed. R. Civ. P. 4(f)(3).

Mr. Convit objects to Plaintiff's request in that it improperly attempts to bypass the Hague Convention, and, if granted, would render *alternative* service via Rule 4(f)(3) meaningless. In exercising its discretion pursuant to Rule 4(f)(3), the Court may impose a threshold requirement that Plaintiff demonstrate that it has made a reasonable attempt to effect service and that the court's intervention is necessary. *See Madu, Edozie & Madu v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 116-17 (S.D.N.Y. 2010); *Western Supreme Buddha Ass'n v. Oasis World Peace and Health Found.*, 08-CV-1374, 2011 WL 856378, at *1 (N.D.N.Y. March 9, 2011) (reasonable attempts to serve defendants required before intervention by court). "This requirement, although not expressly provided by Rule 4(f)(3), 'is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts.'" *Madu,* 265 F.R.D. at 115-16.

Contrary to Plaintiff's assertion, Rule 4(f)(3) is not the starting point when the Hague Convention protocols are applicable. Rule 4 requires service upon defendants located in nations bound by the Hague Convention to be accomplished pursuant to its terms. *Ambriz Trading Corp. v. Uralsib Fin. Corp.*, No. 11-CV-4420, 2011 WL 5844115, at *6-7 (S.D.N.Y. Nov. 21, 2011); *Owen v. Sports Gymnastics Federation of Russia*, No. 12-CV-0034, 2012 WL 346661, at *2 (D.Me. Jan. 31, 2012). Alternative service is available "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). When applicable, the Hague Convention constitutes an "international agreement" that must be complied with. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015, n. 4 (9th Cir. 2002). As such, seeking alternative service in lieu of complying with the Hague Convention would contravene the very spirit of Rule 4.



Plaintiff acknowledges in his June 29 letter that Mr. Convit is a Venezuelan citizen residing in Venezuela, and that Venezuela is a signatory to the Hague Convention. As a result, Plaintiff is required to comply with the Hague Convention and serve Mr. Convit in Venezuela with documents in Spanish. However, Plaintiff offers no evidence that he has made any attempt to serve Mr. Convit in Venezuela, nor does he provide any reasonable excuse for his failure to do so. *See Ambriz*, 2011 WL 5844115, at * 6-7; *Owen*, 2012 WL 346661, at *2 (plaintiff bears the burden of demonstrating that he has attempted traditional service and that a signatory to the Hague Convention has refused to comply).

Instead, Plaintiff proffers that he "attempted to serve Mr. Convit-Guruceaga at a home he owns in Hollywood, Florida, in May." He goes on to assert that "although Mr. Convit-Guruceaga owns the property, he does not appear to live there." In fact, Mr. Convit-Guruceaga formerly owned a property in Hollywood Florida, but sold it in 2013. Thus, Plaintiff's claim that he attempted to "serve" Mr. Convit at this address is misleading at best, and certainly cannot serve as a good faith effort to effect service prior to seeking the court's assistance.

In his June 29, 2018 letter, Plaintiff implies that that the burden somehow rests on Mr. Convit to disprove the appropriateness of an alternative means of service, or that Mr. Convit's counsel should assist plaintiff in his efforts to effect service. Neither is required by law or expected in practice. In fact, the very case law relied upon by Plaintiff establishes that "under Federal Rule of Civil Procedure 4, 'the plaintiff has the burden to demonstrate … proper service,"and that alternative service of process should not be made available until Plaintiff has tried and failed traditional service of process under Rule 4.'" *Bazarian Int'l Fin. Assocs. v. Desaroloos Aerohotelco, C.A.*, 168 F. Supp. 3d 13, 16-17 (D.D.C. 2016).

In light of the aforementioned, Plaintiff's request for alternative service should fail since he has not sufficiently demonstrated that he could not effect service upon Mr. Convit through prescribed methods within the Federal Rules and that his proposed alternative means of service is not contrary to international agreements. *See* Fed. R. Civ. Proc. 4(f)(3). International treaty requirements cannot simply be ignored, and cannot be abandoned without a sufficient factual showing by Plaintiff.

Respectful of the need to preserve judicial resources, but without the intent to waive any applicable defenses, Mr. Convit will participate in the July 9, 2018 pre-motion conference.

Respectfully submitted,

/s/ Erika Levin
Erika Levin

cc: Howard Foster (via ECF)