# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE  
NEW YORK, N.Y. 10110-3398  
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399  
TELEFAX   (212) 764-3701

July 13, 2018

**VIA ECF**
Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Halvorssen v. Simpson, et al.*, No. 18-cv-2683 (E.D.N.Y.)

Dear Judge Shields:

    We represent defendant Leopoldo Alejandro Betancourt-Lopez. We write to respectfully request that this Court vacate its June 19, 2018 order granting Plaintiff's request for alternative service of Mr. Betancourt and permit Mr. Betancourt an opportunity to be heard.

    As the Court is aware, on June 13, 2018, Plaintiff filed a letter seeking a pre-motion conference with the Court to address his request for alternative service of Mr. Betancourt by serving the summons and complaint by email on Mr. Betancourt's counsel. ECF No. 25. Pursuant to this Court's Individual Rule IX.C, Mr. Betancourt's deadline to respond was June 20, 2018, seven days after Plaintiff's request. We drafted and planned to file on June 20 a timely letter opposing Plaintiff's request for alternative service as premature because Plaintiff had not shown that he had reasonably attempted to serve Mr. Betancourt under international law prior to seeking the Court's intervention. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 112, 116 (S.D.N.Y. 2010) (Leisure, J.) (concluding plaintiffs failed the "threshold requirement of reasonably attempting to effect service on defendants," where plaintiffs' request for alternate service was based on unsupported statements that their various efforts to serve defendants in Uganda and Ghana had failed, and that a process serving agency had informed them that no individuals had ever been served successfully using letters rogatory in Nigeria, Uganda, or Ghana); *PDVSA US Litigation Trust v. Lukoil Pan Americas LLC*, No. 17-20818-CIV (S.D.Fla. Mar. 16, 2018) (ECF No. 98) at 3-4 (denying request for alternate service where plaintiff had not made a sufficient effort to serve defendants in Venezuela and Switzerland by traditional methods).

    However, on June 19, one day before the deadline, this Court entered a docket text order granting Plaintiff's request for alternative service, without a conference and without providing Mr. Betancourt notice and an opportunity to be heard. In so doing, this Court violated Mr. Betancourt's due process rights. *See Park South Hotel Corp. v. New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund*, 705 F.2d 27, 30 (2d Cir. 1983) (rejecting trial court's conversion of a pre-motion conference into a dispositive ruling as violating Due Process).

Honorable Anne Y. Shields
July 13, 2018
Page 2

On June 21, 2018, Mr. Betancourt filed a letter with Judge Azrack regarding his anticipated motions to dismiss the Complaint pursuant to Rule 12(b)(2), (5), and (6). ECF No. 37. In that letter, *inter alia*, Mr. Betancourt objected to this Court's grant of alternative service without providing Mr. Betancourt an opportunity to respond, argued that the grant of alternative service was premature and the service should be quashed, and sought appellate review of this Court's order pursuant to Fed. R. Civ. P. 72(a). *Id*. at 1-2. Judge Azrack has not yet ruled or scheduled a conference or briefing.

After this Court's grant of alternative service of Mr. Betancourt, Plaintiff filed similar requests for alternative service of defendants Trebbau and Convit. ECF Nos. 34, 45. On July 9, 2018, this Court held a pre-motion conference regarding those requests, during which the Court recognized that the requests presented issues that required briefing, and set a briefing schedule. With respect to Mr. Betancourt, according to the transcript (which we received on the evening of July 11), the Court stated that it had granted alternative service because "nobody argued against it." July 9, 2018 Tr. at 10:6. As set forth above, however, the Court's premature granting of Plaintiff's request before Mr. Betancourt's response deadline deprived Mr. Betancourt of an opportunity to oppose the request.

In light of Your Honor's statements at the July 9 conference indicating that the Court granted alternative service on Mr. Betancourt based on an erroneous belief that Mr. Betancourt had failed to file a timely opposition to the request, we respectfully request that this Court vacate its June 19 order permitting alternative service of Mr. Betancourt and permit Mr. Betancourt the same opportunity to be heard provided to defendants Trebbau and Convit.

Respectfully yours,

*/s/ Frank H. Wohl*

Frank H. Wohl

cc:   All Counsel of Record