# FOSTER PC

July 16, 2018

Hon. Anne Y. Shields
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

FOSTER PC

150 North Wacker Drive
Suite 2150
Chicago, Illinois 60606

T 312-726-1600
F 866-470-5738
www.fosterpc.com

      *Halvorssen v. Simpson et al,,* Case 18-cv-2683 (E.D.N.Y.)

Dear Judge Shields:

      I represent Plaintiff Thor Halvorssen and write in response to the July 13th letter of Defendant Leopoldo Alejandro Betancourt-Lopez (hereafter "Betancourt") (Court Doc. 54) asking you to vacate your order of June 19th granting our motion for alternative service on him. Court Doc. 37. This request should be denied because Betancourt has waived his right to seek review of the Order.

      His lawyer, Mr. Frank Wohl, asserts that he intended to oppose the Motion for Alternative Service on his client but neglected to do so. Letter at p.1. If this were so, one would think Mr. Wohl would have scrupulously followed Judge Azrack's rules governing the review of non-dispositive orders by Magistrate Judges. An order by a Magistrate Judge allowing alternative service "is the order of the District Court unless reversed or modified by the district judge upon timely motion to vacate." *Walsh v. Denis,* 3:16CV00945, 2017 WL 819957 at *4 (D. Conn. March 2, 2017). Section IV(B) of Judge Azrack's Rules explicitly provide that "All Magistrate Appeals and objections must be served upon all parties and filed with the Court within 14 days of the service of the challenged order or report." Moreover, this is *not accomplished* by filing a pre-motion conference letter. *Id.* at E. Accordingly, Betancourt needed to properly object to your order by July 5th in the form of a fully briefed Motion citing the grounds for the objection consistent with Fed. R. Civ. P. 72(a). "This is a highly deferential standard, and the objector carries a heavy burden." *Khaldei v. Kaspiev,* 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).[1]

      Rather than attempt to meet this heavy burden, Betancourt simply asserted in a June 21, 2018 pre-motion conference letter, along with other arguments he was making on other Rule 12 theories, that he believed the order allowing alternative service was wrong. Court Doc. 37, p.2. This was not a proper objection to your order allowing alternative service on Betancourt either in form or substance. As to the latter, it did not cite any authority showing the order was "clearly erroneous or contrary to law," the tough standard enunciated by Rule 72(a). By failing to do so, Betancourt has "forefeit[ed] the right to any further review of that decision, either by the district

---

[1] The same 14 days governs a motion to reconsider under E.D.L.R. 6.3.

# FOSTER <u>PC</u>

court or on appeal." *Kilcullen v. New York State Dept. of Transp.*, 55 Fed. Appx. 583, 585 (2d Cir. 2003).

Accordingly, Betancourt's request that the June 19th order be vacated should be denied. He has waived his right to review the order.

Respectfully Submitted,

Howard Foster