U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOR HALVORSSEN ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-cv-1683 |
| GLENN R. SIMPSON ) | |
| PETER FRITSCH ) | |
| FRANCISCO D'AGOSTINO, ) | |
| LEOPOLDO ALEJANDRO BETANCOURT- ) | |
| LOPEZ, ) | MEMORANDUM IN SUPPORT |
| PEDRO JOSE TREBBAU-LOPEZ, ) | OF MOTION FOR |
| FRANCISCO CONVIT-GURUCEAGA, ) | ALTERNATIVE SERVICE |

<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS PEDRO JOSE TREBBAU-LOPEZ, FRANCISCO CONVIT-GURUCEAGA AND LEOPOLDO ALEJANDRO BETANCOURT-LOPEZ</u>

Plaintiff, Thor Halvorssen, by counsel, moves the Court for leave to serve these three Venezuelan defendants by email on their attorneys of record, pursuant to Fed. R. Civ. P. 4(f)(3).

For the reasons discussed below, Plaintiff's motion should be granted.

1

TABLE OF CONTENTS

Table of Authorities……………………………………………………………..3


**Argument Section:**

The Hague Convention Does Not Apply Because Halvorssen
Does Not Know These Defendants' Addresses………………………………………4


Even If The Defendants Now Offer Their Venezuelan Addresses,
Service Through The Hague Convention Is Not Practicable……………………………...5


Halvorssen Is Not Required To Use The Hague Convention
Before Bringing This Motion…………………………………………………………..6


Service By Email On Counsel For The Three Defendants
Should Be Permitted……………………………………………………………………6

## TABLE OF AUTHORITIES

*AMTO, LLC v. Bedford Asset Management,* 14-cv-9913,
2015 WL 3457452 (S.D.N.Y. June 1, 2015)……………………………………………….6

*Bazarian Int'l Financial Assc. v. Desarrollos Aerohokelco C.A.,*
168 F. Supp. 3d 1 (D.D.C. 2016)……………………………………………………………..5, 6

*Elsevier, Inc., v. Siew Yee Chew,*
287 F. Supp. 3d 374 (S.D.N.Y. 2018)……………………………………………………..4

*In GLG Life Tech Corp. Securities Lit.,*
287 F.R.D. 262 (S.D.N.Y. 2012)…………………………………………………………….6

*Water Splash, Inc. v. Menon,*
137 S.Ct. 1504 (2017)……………………………………………………………………......5

Rules and Statutes

Fed. R. Civ. P. 4……………………………………………………………………*passim*

Hague Service Convention Provision…………………………………..……*passim*

I. The Hague Convention Does Not Apply Because Halvorssen Does Not Know These Defendants' Addresses

The Complaint alleges that the three defendants, Trebbau-Lopez, Convit-Guruceaga and Betancourt-Lopez are Venezuelan citizens. Complaint, Court Doc. 1, ¶6(b)-(d). They are principals in a Venezuelan company called Derwick Associates. *Id.* at ¶2. Halvorssen tried to serve them at homes they owned or own in New York and Florida. Their lawyers appeared in this case, indicated they were currently representing them and challenged the services on the ground their clients had sold the properties. Halvorssen, a Venezuelan native, has also tried to obtain their home addresses, without success. Ex. A, Halvorssen Declaration.

Halvorssen next attempted to effectuate service through Hague Convention Procedures in Venezuela. Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, per Rule 4(f)(1).[1] To do so, he needs their home addresses. Halvorssen does not have the addresses and his lawyer asked their lawyers to provide them. They all refused. The lawyers are being very coy with any information about their clients. And without their addresses, the Hague Convention does not apply. *Id.,* Art. I ("This Convention shall not apply where the address of the person to be served with the document is not known.") This makes perfect sense because the process begins with an application in which the address of the person to be served must be provided. https://assets.hcch.net/docs/18774c6c-2c85-41a7-8fe6-55c23acd498b.pdf. For this reason alone, alternative service on their lawyers is permitted by Rule 4(f)(3). *Elsevier, Inc., v. Siew Yee Chew,* 287 F. Supp. 3d 374, 378-79 (S.D.N.Y. 2018) (allowing alternative service on lawyers for Chinese defendants because the defendants' addresses were unknown and therefore the Hague Convention did not apply).

---

[1] Venezuela is a signatory to the Hague Convention. *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html

II. Even If The Defendants Now Offer Their Venezuelan Addresses, Service Through The Hague Convention Is Not Practicable

Even if Halvorssen had the Venezuelans' addresses, it is impossible to obtain service of process by Venezuelan officials pursuant to the Hague Convention because of that country's "endemic corruption throughout commerce and government, including law enforcement…"[2] *See also,* Ex. B, Sierra Declaration. [3] Simply put, no office of the Venezuelan government works the way it should, and powerful people can work their will. This is illustrated by the photos attached to Ex. A, depicting the defendants' body guards, who are members of the Venezuelan pro-government militia. These same body guards appear posing with fully automatic machine guns as well as shot guns and semi automatic weapons. In one photo several of these men pose at the defendant's Derwick office, and in another accompanying Betancourt-Lopez onto a helicopter and elsewhere.

Hague Convention service on even ordinary Venezuelans would be extremely slow. *See, e.g., Bazarian Int'l Financial Assc. v. Desarrollos Aerohokelco C.A.,* 168 F. Supp. 3d 1,7 (D.D.C. 2016) (noting that service on a Venezuelan defendant was not effected eight months after the Hague Convention procedures were complied with and that the U.S. embassy there was unable to obtain information on the status of service). A company providing translation assistance for persons seeking to use the Hague Convention warns service in Venezuela takes six months to a year. *See* https://www.legallanguage.com/services/service-of-process/service-of-process-in-venezuela/. Consequently, even if the defendants offered their Venezuelan addresses, service through the Hague Convention would not be practicable because of the degree of government protection that they enjoy in Venezuela.

---

[2] https://www.state.gov/j/inl/rls/nrcrpt/2015/vol2/239114.htm

[3] The Hague Convention procedures are under the control of each nation's "central authority." So Venezuelan officials decide whether and when to effect service. *Water Splash, Inc. v. Menon,* 137 S.Ct. 1504, 1508 (2017).

### III. Halvorssen Is Not Required To Use The Hague Convention Before Bringing This Motion

Rule 4(f)(3), which authorizes alternative service, does not require that the Hague Convention be utilized. *See, e.g., AMTO, LLC v. Bedford Asset Management,* 14-cv-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) ("under [R]ule 4(f)(3), a plaintiff is *not* required to attempt service through other provisions of [R]ule 4(f) before the Court may order service pursuant to Rule 4(f)(3)," allowing such service) (emphasis in original); *see also, Bazarian Intl.,* 168 F. Supp. 3d at 16 (allowing alternative service on a lawyer for a Venezuelan citizen) (collecting cases).[4] And this is true even if the lawyer is not authorized to accept service. *Id.* at 17. A long delay to permit the Venezuelan authorities to attempt service is pointless here because defendants are effectively shielded from process by the very government that is providing them armed security. Thus, alternative service will avoid a needless delay in the litigation. *See, e.g., In GLG Life Tech Corp. Securities Lit.,* 287 F.R.D. 262, 266-67 (S.D.N.Y. 2012) (allowing alternative service on counsel for foreign defendant because using the Hague Convention would cause a six to eight month delay)(collecting cases on the desire to avoid delay in litigation). Unless alternative service is allowed, these three defendants will effectively decouple the case from the three defendants who have been served, Simpson, Fritsch, and D'Agostino.

### IV. Service By Email On Counsel For The Three Defendants Should Be Permitted

Because all three defendants are represented by counsel and Venezuela does not prohibit service by email, allowing service on them would comport with due process requirements.

---

[4] "The use of a court-directed means for service of process under rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief. The only proscription on the district court's discretion under Rule 4(3)(f) is that the method not be prohibited by international agreement." 4B Charles Alan Wright and Arthur R. Miller, FED. PRAC. & PRO., Civ., at §1134 (4th ed. 2018).

6

*Bazarian Intl. Financial Assc.,* 168 F. Supp. 3d at 17-18.  Therefore, Halvorssen requests leave to serve Convit-Guruceaga by email on his lawyer Erika Levin at erika.levin@lbkmlaw.com, Betancourt-Lopez on his lawyer Frank Wohl at fwohl@lswlaw.com, and Trebbau-Lopez on his lawyer, Joseph DeMaria at JDeMaria@foxrothschild.com.

Dated: July 23, 2018                                     Respectfully submitted,

/s/ Howard Foster

Howard Foster
Foster PC
150 N. Wacker Dr. Suite 2150
Chicago, IL 60606
(312) 726-1600
Attorney for Plaintiff, *pro hac vice*

Carlos Javier El-Hage Guaristi
1 West St., Suite 3501
New York, N.Y. 10004
(917) 514-9895
Javier@ElHagepllc.com
E.D.N.Y. Bar #CG6719
Attorney for Plaintiff

7